UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAJEE SOMANATHAN,

Plaintiff,

v. Case No. 6:26-cv-01500-PGB-DCI

UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.,
d/b/a UNIVERSAL ORLANDO RESORT,

Defendant.

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sajee Somanathan ("Plaintiff"), proceeding pro se, alleges as follows:

## I. NATURE OF THE ACTION

1. This action arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.
2. Plaintiff brings this action because Defendant denied him a fair opportunity to compete for promotion despite his superior qualifications, years of service, and proven performance, while selecting a substantially younger candidate and repeatedly advancing substantially younger employees into leadership positions.
3. Plaintiff seeks relief for Defendant's unlawful age discrimination, including back pay, front pay, liquidated damages, costs, and all other relief authorized under the ADEA.

## II. PARTIES

4. Plaintiff is a resident of the State of Florida.
5. Plaintiff has been employed by Defendant for approximately eight years in Orlando, Florida.
6. Defendant Universal City Development Partners, Ltd., d/b/a Universal Orlando Resort, is an employer engaged in commerce within the meaning of the ADEA.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 29 U.S.C. § 626.
8. Venue is proper in the Middle District of Florida because the employment practices complained of occurred within this District.

# IV. ADMINISTRATIVE EXHAUSTION

9. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.
10. The EEOC assigned Charge No. 15F-2026-00010.
11. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") dated June 5, 2026. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit A.
12. This action is timely filed within 90 days of Plaintiff's receipt of the Notice.

# V. FACTUAL ALLEGATIONS

13. Plaintiff was fifty-nine (59) years old during the events giving rise to this action and is a member of the class protected by the ADEA.
14. Plaintiff has **more than twenty years of professional software engineering experience**.
15. Plaintiff has been employed by Defendant for approximately eight years.
16. Plaintiff holds a **Master's Degree** in Computer Engineering.
17. Plaintiff earned **Agile, Six Sigma, and cloud certifications** and continuously maintained technical skills relevant to Defendant's technology organization.
18. Plaintiff consistently received positive performance evaluations throughout his employment.
19. Plaintiff received **Defendant's 4C's Award on two occasions**.
20. Plaintiff's **Supervisor** documented that Plaintiff had "**a strong year technically**," successfully supported multiple engineering teams, and helped onboard and **mentor other engineers**.
21. Plaintiff was entrusted with maintaining enterprise production systems supporting operations in **Orlando, Hollywood, and Osaka**.
22. Plaintiff developed extensive institutional knowledge of Defendant's systems, business operations, and technology environment during his employment.
23. Plaintiff repeatedly demonstrated leadership by mentoring coworkers, supporting multiple teams, **solving complex technical issues**, and maintaining critical production systems.
24. Based upon his education, experience, certifications, performance history, and leadership contributions, Plaintiff was well qualified for advancement into management.
25. On September 19, 2024, Plaintiff's **Supervisor** informed Plaintiff that he was being considered for promotion within a defined timeframe.

26. When Plaintiff later requested an update regarding that promotion, Plaintiff's **Supervisor** denied making the earlier representation and asked Plaintiff to produce written proof of the conversation.

27. On November 14, 2024, Plaintiff applied for the position of Manager, Mobile Solution Engineering & Operations.

28. Plaintiff met or exceeded every major qualification listed for the position.

29. Despite his qualifications, Defendant did not interview Plaintiff.

30. The **Hiring Manager** informed Plaintiff that only external candidates would be considered for the position, effectively excluding Plaintiff from consideration despite his internal status and qualifications.

31. Plaintiff was **denied even an initial interview** despite satisfying the posted qualifications, **preventing Plaintiff from competing on equal terms** for the position.

32. Defendant ultimately selected a substantially younger external candidate for the position.

33. Upon information and belief, the **Selected Candidate** was approximately forty-three (43) years old.

34. Plaintiff was approximately sixteen (16) years older than the **Selected Candidate**.

35. Plaintiff possessed substantially greater institutional knowledge of Defendant's operations than the **Selected Candidate**.

36. Plaintiff also possessed more than twenty years of software engineering experience, eight years of successful service with Defendant, advanced technical certifications, leadership experience, and a Master's Degree in Computer Engineering.

37. Upon information and belief, Plaintiff was at least as qualified as, and in several respects more qualified than, the **Selected Candidate**.

38. During the same general period, Defendant promoted multiple substantially younger employees into higher-level positions.

39. Upon information and belief, several of those employees had significantly less tenure with Defendant than Plaintiff.

40. Promotion decisions affecting Plaintiff and those younger employees were influenced, approved, or made by the **Hiring Manager**, members of **Senior Leadership**, and **Senior Leadership** responsible for promotion decisions.

41. Plaintiff observed a consistent pattern in which substantially younger employees received advancement opportunities while he was repeatedly denied similar opportunities despite his qualifications and experience.

42. Plaintiff raised concerns with his **Supervisor, Human Resources**, and members of **Senior Leadership** regarding the fairness of the promotion process.

43. Defendant did not meaningfully investigate or correct Plaintiff's concerns.

44. In July 2025, Defendant issued Plaintiff a Final Written Warning.

45. The Final Written Warning occurred many months after Defendant had already denied Plaintiff an interview and promotion.

46. Accordingly, the Final Written Warning could not have been the basis for Defendant's earlier decision not to interview or promote Plaintiff.

47. Defendant subsequently relied upon alleged performance concerns to justify its treatment of Plaintiff.

48. Defendant's stated or any subsequently asserted reasons are inconsistent with Plaintiff's documented performance history, awards, qualifications, and the sequence of events.
49. These reasons constitute a pretext for age discrimination.
50. Defendant's violation of the ADEA was willful.
51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered lost compensation, lost promotional opportunities, lost future earnings, lost benefits, and other economic damages.

# COUNT I

## AGE DISCRIMINATION

*(ADEA – FAILURE TO PROMOTE)*

52. Plaintiff incorporates Paragraphs 1 through 51 as though fully set forth herein.
53. Plaintiff was at all relevant times over forty years of age.
54. Plaintiff applied for the position of Manager, Mobile Solution Engineering & Operations.
55. Plaintiff satisfied or exceeded the qualifications for the position.
56. Defendant denied Plaintiff an interview and denied him promotion.
57. Defendant selected a substantially younger individual for the position.
58. Defendant also promoted substantially younger employees into senior positions during the same period.
59. Plaintiff possessed extensive relevant experience, advanced education, specialized certifications, strong performance evaluations, company recognition, leadership experience, and substantial institutional knowledge that qualified him for advancement.
60. Defendant's stated reasons for denying Plaintiff promotion are inconsistent with the facts and constitute a pretext for unlawful age discrimination.
61. Plaintiff's age was the but-for cause of Defendant's failure to interview and promote him.
62. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages.

# WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award back pay, lost wages, lost bonuses, lost benefits, and all other economic damages resulting from Defendant's unlawful conduct;

C. Award front pay as appropriate;

D. Award liquidated damages because Defendant's violation of the ADEA was willful;

E. Award prejudgment and post-judgment interest;

F. Award taxable costs as permitted by law; and

G. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Sajee Somanathan**

[Address] 11807, MALVERNS LOOP,

[City, State ZIP] ORLANDO, FL - 32832

Telephone: 407·583- 4529

Email: SAJEE @ HOTMAIL . COM

Plaintiff, Pro Se